People v Mallo (2018 NY Slip Op 06854)





People v Mallo


2018 NY Slip Op 06854


Decided on October 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2018

Renwick, J.P., Tom, Gesmer, Singh, JJ.


7332 201/14

[*1]The People of the State of New York, Respondent,
v
Daniel Mallo, Defendant-Appellant.


Law Offices of Adam M. Thompson, P.C., New York (Adam Thompson of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sylvia Wertheimer of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered January 11, 2017, convicting defendant, after a jury trial, of grand larceny in the second degree, and sentencing him to a term of 1½ to 4 years, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50(5).
As we held in identical circumstances on the appeal of a separately tried codefendant, the court's instruction regarding
larceny by false pretenses was not error (People v Hurley, 161 AD3d 687, 688 [1st Dept 2018], lv denied ___ NY3d , 2018 NY Slip Op 98630[u] [1st Dept 2018]). In any event, as in that case, any error in declining to give the instruction requested by the defense was harmless in light of the overwhelming evidence that defendant was not incapacitated by a psychiatric condition, "that defendant was not entitled to the benefit at issue, and that he only received it because of his false statements" (id.). Defendant's related claim that he was deprived of his right to present a defense is without merit (see generally Crane v Kentucky, 476 US 683, 689-690 [1986]).
The court providently exercised its discretion by receiving Social Security records of another person, who, like defendant, was a former police officer who had fraudulently obtained Social Security Disability Insurance benefits. This other person had been aided by a third former police officer, who had also assisted defendant. The evidence was not hearsay, and did not violate defendant's right of confrontation, because the statements in the file were not introduced to prove their truth, but for relevant nonhearsay purposes including defendant's fraudulent intent (see People v Huertas, 75 NY2d 487, 491-492 [1990]; Tennessee v Street, 471 US 409, 414 [1985]). Defendant has not shown that he was prejudiced in any way when the court exercised its prerogative to reconsider its initial ruling that had precluded this evidence. In any event, the court reasonably changed its ruling based on developments at trial, and the evidence was not unduly prejudicial.
The court also providently exercised its discretion in admitting false statements made by defendant in a handgun permit renewal application regarding his psychiatric condition and treatment. This uncharged crime was relevant to defendant's fraudulent intent when, in the charged crime, he claimed to be so psychiatrically disabled as to be entitled to benefits, and the probative value exceeded any prejudicial effect (see generally People v Alvino, 71 NY2d 233, 241-243 [1987]). Unlike the situation in People v Resek (3 NY3d 385 [2004]), this evidence was highly probative of intent notwithstanding the fact that defendant was not indicted for making the uncharged false statements.
Defendant did not preserve his claim that, in declining to instruct the jury on the theory of [*2]materiality proposed by the defense, the court constructively amended the indictment, or any of his arguments concerning the court's response to a situation involving a reportedly sleeping juror, and we find no basis for any remedy in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 16, 2018
CLERK